# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**EARL C. OGDEN,**

    **Plaintiff,**

**vs.**                                         **Case No. 4:16cv695-MW/CAS**

**JULIE JONES,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has filed another motion for an extension of time. ECF No. 10. This is Plaintiff's fourth such motion. *See* ECF Nos. 4, 6, 8, and 10.

An Order entered on November 3, 2016, directed Plaintiff to either pay the filing fee or file a motion requesting leave to proceed in forma pauperis. ECF No. 3. It should not take five months to do so. The last Order entered warned Plaintiff "that no further extensions of time [would] be granted absent a showing of truly extraordinary circumstances." ECF No. 9 at 2. Plaintiff has not shown extraordinary circumstances in the instant motion. A vague assertion that he had been requesting the inmate

account statement from the "wrong department," and "just found out" the "right department" is insufficient. That is especially true in light of the fact that Plaintiff has been seeking to litigate cases in federal court for several years.[1] Plaintiff should be well aware of how to obtain an account statement by now and he is certainly aware of the fact that he must either pay the filing fee or file an in forma pauperis motion to proceed with this case. *See* case # 5:16cv515-WTH-PRL (dismissed sua sponte on October 11, 2016, for failing to pay the filing fee or file an in forma pauperis motion within 30 days of case initiation).

    Plaintiff was required to file an in forma pauperis motion supported by his inmate bank account statement for the six (6) month period immediately preceding the filing of the complaint. Plaintiff's extended deadline to comply was March 15, 2017. At this point, no further extensions of time should be granted and this case should be dismissed for not complying with Court Orders.

---

[1] This is not the first time Plaintiff has had a case dismissed in this Court for failing to submit the in forma pauperis motion or pay the fee. *See* case number 4:15cv97-RH/CAS, case number 4:15cv361-WS/CAS, and case number 4:15cv359-MW/GRJ. Plaintiff engaged in the identical conduct as he has in this case, filing numerous motions for extensions of time. All three cases were dismissed for failing to prosecute and comply with court orders.

Case No. 4:16cv695-MW/CAS

If Plaintiff obtains the required account information and files an in forma pauperis motion,[2] Plaintiff may simultaneously file a motion for reconsideration of this report and recommendation.  Otherwise, this case should be dismissed without prejudice.  Plaintiff would be permitted to initiated a new case if and when he is prepared to go forward.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's fourth motion for an extension of time, ECF No. 10, be **DENIED** this case be **DISMISSED** for failure to prosecute and failure to comply with court orders.

**IN CHAMBERS** at Tallahassee, Florida, on March 21, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] It is possible that Plaintiff is not entitled to in forma pauperis status.  Judicial notice is taken that United States District Judge Sheri Polster Chappell from the Middle District of Florida recently dismissed case number 2:17cv38-SPC-CM as abuse of the judicial process for failing to fully disclose his prior lawsuits.  The Court need not venture into that quagmire, however, because Plaintiff has not filed an in forma pauperis motion.

Case No. 4:16cv695-MW/CAS

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.